# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DANJUMA LEE MARSHALL,

    Petitioner,

    -vs-

WARDEN, Lebanon Correctional
  Institution,

    Respondent.

Case No. 2:11-cv-249

District Judge Algenon L. Marbley
Magistrate Judge Michael R. Merz

# REPORT AND RECOMMENDATIONS

Petitioner Danjuma Marshall brought this habeas corpus action *pro se* to obtain relief from his conviction in the Gallia County Common Pleas Court for drug trafficking. He pleads one ground for relief:

> **Ground One:** Trial court committed reversible error by denying me my constitutional right of self-representation. 6th, 14th Amendments to the U.S. Constitution.

(Petition, Doc. No. 1, PageID 5. On Magistrate Judge Deavers' Order (Doc. No. 2), the Warden has filed a Return of Writ (Doc. No. 7) in which he concedes that Petitioner has exhausted available state court remedies and has not procedurally defaulted in presenting this claim to the Ohio courts. Therefore this Court decides the claim on the merits.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the

1

United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Because the Ohio Supreme Court declined to review this case, the last reasoned decision on Petitioner's First Ground for Relief is that of the Fourth District Court of Appeals which decided the issue as follows:

> In his first assignment of error, Marshall contends that he knowingly, intelligently, and voluntarily waived the right to counsel. For that reason, Marshall argues that the trial court should have granted him the right of self-representation.
>
> "The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of selfrepresentation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so*."* *State v. Gibson* (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, at paragraph one of the syllabus, citing *Faretta v. California* (1975), 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562. See, also, *State v. Doyle*, Pickaway App. No. 04CA23, 2005 Ohio 4072, at P9. "If a trial court denies the right to self-representation, when properly invoked, the denial is per se reversible error." *State v. Cassano,* 96 Ohio St.3d 94, 2002 Ohio 3751, at P32, 772 N.E.2d 81, citing *State v. Reed*, 74 Ohio St.3d 534, 535, 1996 Ohio 21, 660 N.E.2d 456; *McKaskle v. Wiggins* (1984), 465 U.S. 168, 177, 104 S. Ct. 944, 79 L. Ed. 2d 122. "To establish an effective waiver of the right to counsel, 'the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right.'" *Cassano* at P32, quoting *Gibson* at paragraph two of the syllabus (alteration in original). "Further, the invocation of the right to self-representation must be 'clear and unequivocal.'" *State v. Hadden*, Trumbull App. No. 2008-T-0029, 2008 Ohio 6999, at P62, citing *Cassano* at P38; *United States v. Frazier-El* (C.A.4, 2000), 204 F.3d 553, 558.
>
> "There is no single, definitive test to determine whether a defendant voluntarily, knowingly, and intelligently waives the right to counsel; rather, we conduct an independent review to see whether the totality of the circumstances demonstrates that the

2

defendant voluntarily, knowingly, and intelligently waived his right to counsel." *State v. Bristow,* Scioto App. Nos. 07CA3186 & 07CA3187, 2009 Ohio 523, at P17, citing *Wellston v. Horsley*, Jackson App. No. 05CA18, 2006 Ohio 4386, at P10. Furthermore, we recognize that the United States Supreme Court "has instructed that courts must draw every inference against supposing that the defendant wishes to waive the right to counsel." *People v. Marshall* (Cal. 1997), 15 Cal. 4th 1, 61 Cal. Rptr. 2d 84, 931 P.2d 262, 272, citing *Brewer v. Williams* (1977), 430 U.S. 387, 404, 97 S. Ct. 1232, 51 L. Ed. 2d 424. See, also, *State v. Ferguson*, Jackson App. No. 04CA13, 2005 Ohio 1438, at P18.

"After a trial has commenced, the decision about whether to grant a defendant's request to represent himself is within the discretion of the trial court." *State v. Reed* (Nov. 6, 1996), Hamilton App. No. C-940315 & C-940322, 1996 Ohio App. LEXIS 4860, citing *Robards v. Rees* (C.A.6, 1986), 789 F.2d 379, 384. See, also*, State v. Vrabel,* 99 Ohio St.3d 184, 2003 Ohio 3193, at P51-53, 790 N.E.2d 303 (holding "that the trial court did not abuse its discretion and properly refused appellant's request to represent himself after voir dire had been completed and on the first day that evidence was to be presented"); *State v. Willis*, Franklin App. No. 08AP-536, 2009 Ohio 325, at PP4, 6, 10. Here, because Marshall requested self-representation before his trial commenced, the trial court did not have to "balance [Marshall's] interest in self-representation against the potential disruption of the proceedings already in progress." *State v. Gordon*, Franklin App. No. 03AP-281, 2004 Ohio 2644, at P31. Accordingly, we believe that an abuse-of-discretion review is inappropriate in the present case. Instead, we will review the denial of Marshall's right to selfrepresentation de novo. See *United States v. Cano* (C.A.5, 2008), 519 F.3d 512, 515-16; *United States v. Mackovich* (C.A.10, 2000), 209 F.3d 1227, 1236, citing *United States v. Boigegrain* (C.A.10, 1998), 155 F.3d 1181, 1185; *People v. Danks* (Cal. 2004), 32 Cal. 4th 269, 8 Cal. Rptr. 3d 767, 82 P.3d 1249, 1267; *People v. Abdu* (Colo.App. 2009), 215 P.3d 1265, 1267 ("Other appellate courts have conducted de novo review to determine whether a trial court improperly denied a defendant's right of self-representation."). Cf. Bristow at P17 (reviewing trial court's grant of the right to self-representation de novo); Wellston at P10 (same).

Here, we find that Marshall did not unequivocally invoke the right to self-representation. Numerous courts have held "that a motion made out of * * * annoyance or frustration, is not unequivocal -- even if the defendant has said he or she seeks self-representation." *Marshall*, 931 P.2d at 271 (citations omitted). For example, in

*Danks*, the Supreme Court of California found that the defendant's "references to selfrepresentation were equivocal, born primarily of frustration regarding the granting of counsel's requests for continuances and his desire to avoid further psychiatric examination." *Danks* at 1267. Similarly, the United States Ninth Circuit Court of Appeals found that a defendant's request for self-representation was equivocal because the request "was an impulsive response to the trial court's denial of his request for substitute counsel. * * * [The defendant's] comments did not demonstrate unequivocally that he desired to represent himself. Instead, it is quite clear that he wanted to be represented by a different attorney[.]" *Jackson v. Ylst* (C.A.9, 1990), 921 F.2d 882, 888-89. And finally, the United States Eighth Circuit Court of Appeals found, in part, that a request for self-representation was not clear and unequivocal because the defendant "was merely expressing his frustration[.]" *Reese v. Nix* (C.A.8, 1991), 942 F.2d 1276, 1281. See, also, *State v. Steele*, 155 Ohio App.3d 659, 2003 Ohio 7103, at P20, 802 N.E.2d 1127 (stating that the defendant's requests for selfrepresentation "were more in the name of impulsive acts expressing frustration with his first counsel than unequivocal requests to represent himself); Marshall, 931 P.2d at 272-73 ("A motion for selfrepresentation made in passing anger * * * may be denied.").

A review of the March 3, 2009 hearing demonstrates that Marshall requested to represent himself out of anger and frustration. After Marshall described the problems he had with his court-appointed attorneys, the trial court judge asked the following question: "So the problem you really have then is a conflict with the way you believe your case should proceed as opposed to the way that it has proceeded?"  Pre-Trial Transcript of Proceedings (Complete) at 116.  Marshall replied, "[y]es." Later, Marshall admitted that he decided to represent himself "out of anger."

"COURT: Mr. Marshall you have been involved in this case in this particular Court since May of last year. You have now been represented by three separate court appointed attorneys. Tell me how it is now less than two weeks before this scheduled trial that you have now decided that you can obtain retained counsel to act as standby counsel when for the last nine months or however long ago it's been that you have not had retained counsel, that you've had court appointed counsel.

"MR. MARSHALL: Well it's been my decision since um, and the case has been going on since April but it's been my decision, I came to that decision um, sometime before I was supposed to go to

4

> trial in August um, when I was uh, appointed [Attorney Two] and I sat in Scioto County jail for two months and I didn't hear from nobody. I didn't receive no letters. I wrote [Attorney Two], I called, but he didn't receive or didn't accept none of my calls. That's when, out of anger, I decided what's the point of having an attorney when they don't give you no legal advice or counsel, they don't speak to you. They're supposed to you know, answer your calls so you can talk about the case or come visit you. I received none of that in four months that I sat incarcerated, so I said that I would be better off representing myself you know." Pre-Trial Transcript of Proceedings (Complete) at 146-47.
>
> Because Marshall acted out of anger and frustration, Marshall did not unequivocally demonstrate that he wanted to represent himself. Therefore, no constitutional violation occurred when the trial court denied Marshall's request for self-representation.
>
> Accordingly, we overrule Marshall's first assignment of error.

*State v. Marshall*, 2010 Ohio 1958, ¶¶ 16-25 (Ohio App. 4th Dist. Apr. 29, 2010).

A reading of the Court of Appeals' decision shows that it carefully considered not only the leading Supreme Court case of *Faretta, supra*, but also state and federal case law interpreting *Faretta* and the right to self-representation. Clearly, its decision was not contrary to *Faretta*. Nor was it an objectively unreasonable application of *Faretta*. Petitioner tested positive for illicit drugs. He admitted that he was acting out of anger. And there were clearly facts from which the court could reasonably conclude his principal interest was in delay: his request was made just two weeks before the scheduled trial, but supposedly months after he had made the decision.

Petitioner's sole Ground for Relief is therefore without merit.

**Conclusion**

It is respectfully recommended that the Petition be dismissed with prejudice on the basis of the

5

foregoing analysis. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith.

January 22, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).